JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Foodtown, Inc.
215 Blair Road, CN907
Avenel, NJ  07001

**DEFENDANTS**
National Union Fire Insurance Co. of Pittsburgh
175 Water Street, New York, NY  10038

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert P. Zoller & Marshall D. Blider
Sterns & Weinroth, 50 West State Street
Trenton, NJ  08607

Attorneys (If Known): Robert Assuncao
DLA Piper Rudnick Gray Cary, 379 Thornall St.,
8th Flr., Edison, NJ 08837-2226 (732.590.1850)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause: Declaratory judgment; breach of contract; unjust enrichment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 149,000 plus compensatory damages and attorneys fees
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: July 20, 2005
SIGNATURE OF ATTORNEY OF RECORD: Robert A. Assuncao

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FOODTOWN INC., GERRY NORKUS, JOSEPH AZZOLINA, SR., RONALD DICKERSON, VICTOR LARACCA, PETER LAVOY, EDWARD PACZKOWSKI, JACK PYTLUK, MICHAEL ZIMMERMAN, STEVEN BOSKER, SYDNEY KATZ, DAVID MANIACI, AND WILLIAM MICHAS<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Defendant. | CIVIL ACTION NO. |

## CORPORATE DISCLOSURE STATEMENT OF DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

Pursuant to Rule 7.1 (a) of the Federal Rules of Civil Procedure, Defendant National Union Fire Insurance Company of Pittsburgh, PA hereby submits this statement identifying all of its parent corporations and listing any publicly held company that owns ten percent (10%) or more of its stock. National Union Fire Insurance Company of Pittsburgh, PA, makes the following disclosure:

1) National Union Fire Insurance Company of Pittsburgh, PA is a direct subsidiary of American International Group, Incorporated.

Respectfully submitted,

*Robert A. Assuncao*
Robert A. Assuncao
DLA Piper Rudnick Gray Cary US LLP
379 Thornhall Street, Eighth Floor
Edison, NJ 08837-2226
(732) 590-1850

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FOODTOWN INC., GERRY NORKUS, JOSEPH AZZOLINA, SR., RONALD DICKERSON, VICTOR LARACCA, PETER LAVOY, EDWARD PACZKOWSKI, JACK PYTLUK, MICHAEL ZIMMERMAN, STEVEN BOSKER, SYDNEY KATZ, DAVID MANIACI, AND WILLIAM MICHAS<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | CIVIL ACTION NO. |

## DEFENDANT'S NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Pursuant to 28 U.S.C. §§ 1441 and 1446, and Federal Rule of Civil Procedure 81(c), defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), hereby gives notice of the removal of this action from the Superior Court of New Jersey, Chancery Division for Middlesex County, to the United States District Court for the District of New Jersey, and in support thereof states the following:

1. On or about May 12, 2005, plaintiffs, Foodtown, Inc. ("Foodtown"), Gerald Norkus, Joseph Azzolina, Ronald Dickerson, Victor LaRacca, Peter LaVoy, Edward Paczkowski, Jack Pytluk, Michael Zimmerman, Stephen Bokser, Sydney Katz, David Maniaci

and William Michas ("plaintiffs"), initiated this action by filing a Complaint in the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-128-05. See plaintiffs' Complaint, attached hereto as Exhibit "A."

2. On or about June 16, 2005, plaintiffs served a copy of the Complaint on the Commissioner of the New Jersey Department of Banking and Insurance ("the Commissioner"). The Commissioner accepted original service of process on behalf of National Union. Also, on or about June 16, 2005, the Commissioner transmitted the Complaint to National Union by certified mail, return receipt requested. The Complaint was received by National Union on June 20, 2005.

3. Plaintiff, Foodtown, is a New Jersey corporation with its principal place of business at 215 Blair Road, CN907, Avenel, New Jersey 07001. See plaintiffs' Complaint at ¶ 3.

4. On or about June 30, 2005, in a telephone conversation between counsel for National Union and plaintiff's counsel regarding this matter plaintiffs' counsel stated that all of the additional plaintiffs including: Norkus, Azzolina, Dickerson, LaRacca, LaVoy, Paczkowski, Pytluk, Zimmerman, Bokser, Katz, Maniaci and Michas are all residents of New Jersey. Removal is therefore timely under 28 U.S.C. § 1446(b).

5. Defendant, National Union, is a Pennsylvania corporation with its principal place of business located at 175 Water Street, New York, New York 10038.

6. Plaintiffs' Complaint sets forth six causes of action against National Union: (1) declaratory judgment; (2) breach of contract; (3) unjust enrichment; (4) Foodtown's claim as partial assignee of the individual insured's rights as against defendant; (5) breach of the implied covenant of good faith and fair dealing and (5) third-party beneficiary claims. See Exhibit "A."

2

7. According to the Complaint plaintiff purchased a directors and officers liability insurance policy from defendant for the period from April 16, 2003 to April 16, 2004. That Policy is National Union policy number 536-75-78 ("the Policy"). Plaintiff also alleges in the Complaint that on or about March 29, 2004, and while the Policy was still in effect plaintiffs were sued in the United States District Court for the District of New Jersey in an action titled, <u>Food King, Inc. et. al. v. Norkus Enterprises, Inc. et. al.</u> ("the Underlying Action"). See <u>id.</u> at ¶¶ 4, 5 and 6.

8. The total amount of damages in the Underlying Action has yet to be determined. Based on the allegations in the Underlying Action, however, several million dollars in compensatory damages, attorney's fees and other relief is sought. The Policy has an aggregate limit of liability of $15,000,000.

9. According to the Complaint in this action, "defendant is obligated to assume the defense of the Organization and individual insureds and/or to pay the defense costs incurred in connection with their defense of the Underlying Action" and that "defendant is liable to pay any judgments against the Organization and/or the Individual Insureds arising from the Underlying Action." See <u>id.</u> at Counts I, II, III, IV, V and VI.

10. Further, plaintiffs allege in the Complaint that defendant has been unjustly enriched under the Policy by way of premiums paid by plaintiffs to defendant in the amount excess of $149,000. In addition, plaintiffs' have requested "compensatory damages in an amount to be determined at trial together with attorneys' fees, costs of the suit and further relief as the court deems just and proper." Thus, the amount in controversy in this case exceeds $75,000, exclusive of interests and costs. See <u>id.</u> at Count III.

3

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity jurisdiction) since the parties are citizens of different states and the amount in dispute is greater than $75,000, exclusive of interests and costs. Removal is proper pursuant to 29 U.S.C. § 1441(a).

12. As required by 28 U.S.C. § 1446(b), this notice is filed within 30 days after Defendant's receipt of notice that this case is removable. A copy of this Notice of Removal shall promptly be served upon counsel for plaintiffs and filed with the Deputy Clerk of the Superior Court of Middlesex County.

13. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders served upon Defendants in the state court action is attached to this notice of removal.

Respectfully submitted,

*Robert A. Assuncao*
Robert A. Assuncao
DLA Piper Rudnick Gray Cary US LLP
379 Thornhall Street, Eighth Floor
Edison, NJ 08837-2226
(732) 590-1850
(732) 590-1860 (fax)

Attorneys for defendant,
National Union Fire Insurance Company of
Pittsburgh, PA.

Dated: July 20, 2005.

4

# EXHIBIT "A"

**STERNS & WEINROTH**
A Professional Corporation
50 West State Street
Suite 1400
P. O. Box 1298
Trenton, New Jersey 08607-1298
(609) 392-2100
Attorneys For Plaintiffs

FILED & RECEIVED

2005 MAY 12  A 11: 23

MIDDLESEX
DEPUTY CLERK
SUPERIOR COURT

| | |
|---|---|
| FOODTOWN, INC., GERRY NORKUS, JOSEPH AZZOLINA, SR., RONALD DICKERSON, VICTOR LARACCA, PETER LAVOY, EDWARD PACZKOWSKI, JACK PYTLUK, MICHAEL ZIMMERMAN, STEVEN BOKSER, SYDNEY KATZ, DAVID MANIACI, and WILLIAM MICHAS, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY DIVISION <br> MIDDLESEX COUNTY <br> DOCKET NO. <br> C-128-05 <br><br> Civil Action <br><br> **COMPLAINT SEEKING DECLARATORY AND OTHER RELIEF** |

Plaintiffs, Foodtown, Inc., Gerald Norkus, Joseph Azzolina, Sr., Ronald Dickerson, Victor LaRacca, Peter LaVoy, Edward Paczkowski, Jack Pytluk, Michael Zimmerman, Steven Bokser, Sydney Katz, David Maniaci and William Michas ("plaintiffs"), by way of complaint against defendant, National Union Fire Insurance Company of Pittsburgh, Pa. ("defendant"), state as follows:

## PARTIES

1. Plaintiff, Foodtown, Inc. ("Foodtown"), is a New Jersey corporation with a place of business at 215 Blair Road, CN907, Avenel, New Jersey 07001. Foodtown is the named "Organization" as defined in the policy of insurance that is the subject matter of this action, as more particularly described below.

2. Plaintiffs, Gerald Norkus, Joseph Azzolina, Sr., Ronald Dickerson, Victor Laracca, Peter LaVoy, Edward Paczkowski, Jack Pytluk, Michael Zimmerman, Steven Bokser, Sydney Katz, David Maniaci and William Michas are individuals who are or at one time were directors and/or officers of Foodtown, and/or served in capacities that rendered them "Individual Insured(s)" as defined in the policy of insurance that is the subject matter of this action, and more particularly described below.

3. Defendant, National Union Fire Insurance Company of Pittsburgh, Pa., is one of the largest providers of directors and officers liability insurance in the United States. Defendant has a business address of 175 Water Street, New York, New York 10038.

## FACTS COMMON TO ALL COUNTS

4. By written agreement, Foodtown contracted with defendant for liability insurance commonly known as "directors and officers corporate liability insurance." The terms of this agreement were memorialized in a document entitled "not-for-profit individual and organization insurance policy including employment practices liability insurance[,]" and further, related written agreements between the parties, and bearing policy number 536-75-78 (the "Policy").

2

5. The Policy initially provided plaintiffs with liability insurance, as more particularly described in the Policy, for claims first made against the "Organization" and/or "Individual Insured(s)[,]" as defined in the Policy, during the period from April 16, 2003 to April 16, 2004.

6. While the policy was in full force and effect, plaintiffs provided defendant with a draft complaint that had not then been filed with the court, entitled <u>Food King, Inc. et al. v. Norkus Enterprises, Inc. et al.</u> Defendant responded by stating, among other things, that the draft complaint did not constitute a "Claim" as defined in the Policy.

7. On or about March 29, 2004, Food King filed a complaint in the United States District Court for the District of New Jersey (the "Underlying Action") that included claims substantially similar to the earlier, unfiled draft pleading.

8. After plaintiffs received the complaint filed on behalf of Food King, Foodtown immediately sent a copy to defendant and demanded full coverage in accordance with the terms of the policy.

9. The Underlying Action, among other things, asserted various claims, and sought monetary relief, against Foodtown, the named Organization, and individuals and entities some of whom were "insureds" or "individual insureds[,]" as defined in the Policy.

10. According to the Policy, defendant was obligated to pay on behalf of the "Organization," Foodtown, any "loss" arising from a "claim" first made against the Organization during the policy period or the discovery period (if applicable), and reported to the Insurer pursuant to the terms of the "Policy" for any actual or alleged wrongful act of the "Organization." In addition, defendant was obligated "in accordance

3

with and subject to Clause 8 [of the Policy] to advance Defense Costs of such Claim prior to its final disposition."

11. According to the Policy, defendant was also obligated to pay on behalf of each and every "Individual Insured" any "Loss" arising from a "Claim" first made against such "Individual Insured" during the Policy period or the Discovery Period (if applicable), and reported to the defendant pursuant to the terms of the "Policy for any actual or alleged Wrongful Act in his/her representative capacities as an Individual Insured of the Organization, except when and to the extent that the Organization has indemnified the Individual Insured." In addition, defendant was obligated "in accordance with and subject to Clause 8 [of the Policy] to advance Defense Costs of such Claim prior to its final disposition."

12. Despite the fact that the Underlying Action was asserted against the "Organization" and "Individual Insureds[,]" and the fact that certain of the alleged wrongful acts were covered by the Policy, and despite the timely reporting of the Underlying Action, defendant refused to advance "Defense Costs" or to undertake the defense of the Underlying Action and otherwise denied that the Organization and Individual Insureds were entitled to any benefits or coverage whatsoever under the Policy.

13. Because of defendant's wrongful refusal to undertake the defense of the Underlying Action, or to advance defense costs, the Organization and Individual Insureds were forced to independently secure defense counsel and to incur substantial attorneys' fees and costs.

4

14. Each of the Individual Insureds has assigned or will assign to Foodtown their rights to recover their defense costs from the defendant under the Policy.

15. By reason of the foregoing, plaintiffs have been damaged and will continue to suffer damages in an amount to be determined at trial.

### COUNT I

#### [Declaratory Judgment]

16. Plaintiffs repeat and reallege the allegations set forth above and incorporate these allegations herein by reference as though set forth at length.

17. Because the Underlying Action asserts claims that constitute "Wrongful Acts" against the "Organization" and "Individual Insureds[,]" as defined in the Policy, the defendant was obligated to defend and indemnify the Organization and Individual Insureds against such losses that have occurred or that may in the future occur as a result of the Underlying Action.

18. The plaintiffs have demanded that the defendant fulfill its obligations under the Policy.

19. Despite the foregoing, the defendant has rejected all requests by or on behalf of the Organization and Individual Insureds for defendant to acknowledge its obligations under the Policy both as to past as well as future losses.

WHEREFORE, plaintiffs hereby demand judgment against defendant, adjudging that:

(a) defendant is obligated to assume the defense of the Organization and Individual Insureds and/or to pay defense costs incurred by them in connection with their defense of the Underlying Action;

(b) defendant is liable to pay any judgment or judgments against the Organization and/or the Individual Insureds arising from the Underlying Action;

(c) defendant is liable to repay the Organization and the Individual Insureds, or their designee, all of their defense costs expended to date in defense of the Underlying Action; and

(d) defendant is liable to repay the Organization and the Individual Insureds, or their designee, all of the attorneys' fees and costs of suit incurred by them, or their designee, as a result of this action, together with such other and further relief as the court deems just and proper.

## COUNT II

### (Breach of Contract)

20. Plaintiffs repeat and reallege the allegations set forth above and incorporate these allegations herein by reference as though set forth at length.

21. The Policy referenced above constitutes a binding contract between Plaintiffs and defendant.

22. By reason of defendant's failure to perform its contractual obligations, as described above, the plaintiffs have been damaged and will continue to suffer damages in an amount to be determined at trial.

WHEREFORE, plaintiffs hereby demand judgment against defendant for compensatory damages in an amount to be determined at trial together with attorneys' fees, costs of suit and such other and further relief as the court deems just and proper.

## COUNT III

### (Unjust Enrichment)

23. Plaintiffs repeat and reallege the allegations set forth above and incorporate these allegations herein by reference as though set forth at length.

24. In order to secure insurance coverage under the Policy, premiums in excess of $149,000 were paid to defendant.

25. Defendant's unduly narrow incorrect interpretation of the protection afforded by the Policy, and consequent failure to undertake its obligations under the Policy, has resulted in the defendant's unjust enrichment to the plaintiffs' detriment.

WHEREFORE, plaintiffs hereby demand judgment against defendant for compensatory damages in an amount to be determined at trial together with attorneys' fees, costs of suit and such other and further relief as the court deems just and proper.

## COUNT IV

### (Foodtown's Claim as Partial Assignee of the Individual Insured's Rights as Against Defendant)

26. Plaintiffs repeat and reallege the allegations set forth above and incorporate these allegations herein by reference as though set forth at length.

27. Each of the Individual Insureds has assigned or will assign to Foodtown their rights to recover their defense costs from the defendant under the Policy.

28. By reason of defendant's failure to properly perform its contractual obligations under the Policy, as described above, Foodtown will be forced to pay for the defense of the Individual Insureds each of whom has a long-term affiliation with Foodtown and expects to be protected by liability insurance coverage purchased on their behalf.

7

WHEREFORE, Foodtown hereby demand judgment against defendant for compensatory damages in an amount to be determined at trial together with attorneys' fees, costs of suit and such other and further relief as the court deems just and proper.

## COUNT V

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

29. Plaintiffs repeat and reallege the allegations set forth above and incorporate these allegations herein by reference as though set forth at length.

30. In rendering its performance under the Policy, defendant was obligated to act in good faith and to deal fairly with plaintiffs.

31. By reason of the conduct set forth above, defendant has breached its obligation of good faith and fair dealing as a result of which plaintiffs have been damaged and will continue to suffer damages.

WHEREFORE, plaintiffs hereby demand judgment against defendant for compensatory damages in an amount to be determined at trial together with attorneys' fees, costs of suit and such other and further relief as the court deems just and proper.

## COUNT VI

### (Third-Party Beneficiary Claims)

32. Plaintiffs repeat and reallege the allegations set forth above and incorporate these allegations herein by reference as though set forth at length.

33. In the event that plaintiffs, or some of them, are deemed not to have a direct contractual relationship with defendant, then these plaintiffs are intended third-party beneficiaries of the Policy.

34. By reason of the defendant's conduct, as described above, the plaintiffs, as intended third-party beneficiaries of the Policy, have been damaged and will continue to suffer damages in an amount to be determined at trial.

WHEREFORE, plaintiffs hereby demand judgment against defendant for compensatory damages in an amount to be determined at trial together with attorneys' fees, costs of suit and such other and further relief as the court deems just and proper.

STERNS & WEINROTH
A Professional Corporation,
Attorneys for Plaintiffs

By: _____
Robert P. Zoller
Marshall D. Bider

Dated: May 11, 2005

### R. 4:5-1 CERTIFICATION

I hereby certify that the matter here in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated at this time and I am not aware of any other party who should be joined in this action. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Robert P. Zoller

Dated: May 11, 2005

10

** TOTAL PAGE.11 **

## CERTIFICATE OF SERVICE

I certify that on July 20, 2005, a copy of the foregoing notice of removal was served upon counsel for the plaintiff by United States first-class mail, postage-prepaid, addressed as follows:

Robert P. Zoller, Esquire
Sterns & Weinroth, P.C.
50 West State Street
Suite 1400
Trenton, New Jersey 08607-1298

_____
Robert A. Assuncao