UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FOODTOWN, INC., et al.,

           Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

           Defendant.

Civ. Action No. 05-3627 (KSH)

**OPINION AND ORDER**

**Katharine S. Hayden, U.S.D.J.**

      For all times relevant to this matter, defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), a New York corporation, contracted with plaintiff Foodtown, Inc. ("Foodtown"), a closely-held grocery store cooperative with member stores in New York and New Jersey, to provide directors and officers liability insurance to Foodtown. On May 12, 2005, Foodtown filed this lawsuit against National Union in state court seeking a declaratory judgment, along with other relief, that National Union is obligated to pay the costs to defend or assume the defense of Foodtown in an action captioned Food King, Inc. v. Norkus Enterprises, Inc., et al. brought by Food King, Inc., a shareholder of Foodtown, in the District Court of New Jersey ("the underlying action"). Food King filed the underlying action on March 29, 2004 in the Trenton vicinage, where it was assigned Civil Action No. 04-1500 (MLC) and is still pending before the Honorable Mary L. Cooper. On July 21, 2005, National Union timely

1

removed this lawsuit from state court and it was assigned to the undersigned.  The parties in this action have since filed the cross-motions for summary judgment that are before this Court, and National Union has also filed a motion for leave to file a supplemental brief in support of its motion for summary judgment, which Foodtown opposes.

National Union's brief in support of its motion for leave to file a supplemental brief confirms a growing impression that the course of litigation in the underlying action may have relevance to these motions.  When it reviewed the record, the Court's judicial eyebrow was raised by an order entered in the underlying action requiring Food King to amend its complaint to assert Count I as a shareholder derivative claim.  (04-1500, docket entry # 48.)  Whether or not some of the claims in the Food King action are derivative claims is in dispute here.  In its motion to file a supplemental brief, National Union indicates it will demonstrate that Foodtown has made factual representations in 3,000 pages of summary judgment filings in the underlying action that are pertinent to the position Foodtown has taken on these pending motions.  In this regard, the Court notes that the papers National Union intends to talk about were unsealed by order of Magistrate Judge Shwartz entered in this matter.

The Court does not lightly add to the burden on the litigants and its own docket by inviting further submissions and delaying the resolution of these dispositive motions.  It intends to limit page length and restrict submissions by eliminating a reply brief.  And the Court is aware that Foodtown vigorously opposes adverting to legal arguments made in the underlying action and seeking to characterize them as admissions.  Foodtown is free to move off that argument in the abstract in its opposition and demonstrate that its robust motion practice in the underlying action has no bearing on National Union's duties as the insurer.

3

The cross-motions for summary judgment filed by both parties in this lawsuit, docketed as entries #24 and #27, are **denied without prejudice**, and National Union's motion to file a supplemental brief in support of its motion for summary judgment, docketed as entry #37, is **granted**.  National Union shall file a brief of no more than 15 pages addressing its contention that Foodtown's factual statements and characterizations of the issues in the underlying action are relevant to the instant case on or before October 12; Foodtown shall file opposition of no more than 15 pages on or before October 26; no reply brief is necessary given the nature of the issue.  A joint order reinstating the motions may be submitted for the Court's consideration after the supplemental briefs are filed.

Dated: September 27, 2007                    /s/Katharine S. Hayden         _

                                                                                 Katharine S. Hayden, U.S.D.J.